Filing # 46045568 E-Filed 09/02/2016 06:46:18 PM

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND FOR
LAKE COUNTY, FLORIDA

CIVIL DIVISION

KAREN LENORE SABOL,

    Plaintiff,

vs.

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.

Case No.:

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, KAREN LENORE SABOL (hereinafter as "Plaintiff"), by and through undersigned attorney and sues the Defendant, USAA CASUALTY INSURANCE COMPANY (hereinafter as "Defendant"), and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2. That at all times material to this action, Plaintiff, KAREN LENORE SABOL, was a resident of Lake County, Florida.

3. At all relevant times, Defendant, USAA CASUALTY INSURANCE COMPANY, was a foreign insurance corporation licensed under the laws of Texas.

4. Defendant was authorized to and was selling insurance policies and conducting business in Florida and maintained or employed authorized agents to sell and deliver insurance policies in Lake County, Florida.

5. General personal jurisdiction over Defendant is proper under the Florida Long Arm Statute and constitutional minimum contacts so that Defendant could be hauled into court in Florida for

1

any litigated dispute, since Defendant engaged in substantial and not isolated activity in Florida, including but not limited to regularly promoting and selling its insurance policies through agents located in Florida. Florida Statute §48.193(2).

6. Specific personal jurisdiction over Defendant to be subject to Florida courts for this case is proper under the Florida Long Arm Statute and constitutional minimum contacts, since Defendant:

    a. operated, conducted, engaged in and carried on a business in Florida by regularly promoting and selling its insurance policies through agents located in Florida, including the policy in question (Florida Statute §48.193(1)(a)1.);

    b. contracted to insure a person, property or risk located within the State of Florida at the time of entering into the contract, including the policy in question (Florida Statute §48.193(1)(a)4.); and

    c. breached a contract in Florida by failing to perform acts required to be performed in Florida by the terms of the insurance contract, including the policy in question. (Florida Statute §48.193(1)(a)7.);

7. Venue is appropriate in Lake County, Florida, because Defendant has offices and agents to transact business and is writing insurance policies in Lake County, Florida.

## GENERAL ALLEGATIONS

8. On or around April 24, 2015, Plaintiff was operating a motor vehicle on one of the westbound lanes of Hartwood Marsh Road approaching the intersection of Hancock Road, in Lake County, Florida.

9. At that time and place, Daniel Leon Van Kannon negligently operated or maintained a motor vehicle at or near the crash location which collided with the Plaintiff.

10. As a direct and proximate result of the aforesaid negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization,

2

medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff's motor vehicle was also damaged.

11.     Plaintiff was properly restrained at the time of the crash and did not contribute to the injuries she sustained in that crash.

12.     At the time of the Crash, the Tortfeasor had an insurance policy with GEICO General Insurance Company, which did not have any bodily injury coverage.

13.     At all times material hereto, Plaintiff was insured under a policy providing uninsured/underinsured motorist coverage with Defendant.

14.     A full copy of the Policy is in Defendant's possession. Plaintiff is in possession of a declarations page and the Policy's terms and conditions, which are attached hereto and incorporated herein as Plaintiff's Composite Exhibit "A".

15.     By the Policy, Defendant agreed to provide Plaintiff coverage for damages resulting from bodily injuries sustained as a result of an accident arising out of the operation, maintenance or use of an uninsured/underinsured motor vehicle.

16.     At all times material hereto, Daniel Leon Van Kannon was an uninsured/underinsured motorist, in that he did not maintain sufficient insurance to compensate Plaintiff for damages to which he is legally entitled as result of the injuries caused by the Crash.

17.     For purposes of these claims and under the terms of the Policy, Defendant stands in the shoes of Tortfeasor.

18.     Plaintiff timely reported the claim to Defendant and made an appropriate demand for her underinsured motorist benefits resulting from the Crash to Defendant.

19.     Defendant has not attempted in good faith to settle Plaintiff's claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly towards its insured and with due regard for his interest.

20.     All conditions precedent under The Policy have occurred, been complied with or waived.

## COUNT I
### UNINSURED MOTORIST BENEFITS CLAIM AGAINST USAA CASUALTY INSURANCE COMPANY

21. Plaintiff realleges and incorporates by reference paragraphs One (1) through twenty (20) above and further states:

22. Plaintiff's losses exceed the amount of bodily injury insurance for the Tortfeasor and all other insurance benefits available to him.

23. Plaintiff has made demand for payment of all damages pursuant to the terms of the uninsured/underinsured insurance coverage provided by Defendant which has failed or refused to pay same.

24. Defendant unjustifiably refused to honor its contractual obligations by denying Plaintiff's claim and/or by failing to pay the available UM/UIM benefits owed to Plaintiff.

25. Due to Defendant's refusal to pay uninsured motorist benefits in accordance with the terms of the Policy and Florida law, Plaintiff had to retain the services of the undersigned attorneys and contracted with them to represent his interests in connection with the Policy and this lawsuit, including the determination of coverage, liability, and damages under the Policy. By operation of law, including Florida Statute §627.428, Defendant will be obligated to pay those fees upon the successful conclusion of Plaintiff's claim.

**WHEREFORE**, The Plaintiff, KAREN LENORE SABOL, demands judgment against Defendant, USAA CASUALTY INSURANCE COMPANY, for the full UM benefits under the Policy, damages, attorneys' fees pursuant to Florida Statutes §627.428 and §627.727(8), costs, prejudgment interest on expenses incurred, and post-judgment interest, together with such other and further relief this Court deems equitable and just. Plaintiff further demands a trial by jury.

## COUNT II
### DECLARATORY JUDGMENT

26. Plaintiff realleges and incorporates by reference paragraphs One (1) through Twenty (20) above and further states:

27. There is a bona fide, actual, present, practical need for the declaration by this Honorable Court of the rights and obligations under the insurance contract at issue, the apportionment of liability, if any, and Plaintiff's total damages within the jurisdictional limits of this Court, pursuant to Florida Statute §§ 86.011 – 86.111 et seq., (2012).

28. The parties to this action have antagonistic and adverse interests in determining the total damages sustained by the Plaintiff and covered under the insurance contract at issue.

29. Plaintiff requires a jury determination to ascertain if his damages exceed the UM limits as a condition precedent to bring a cause of action for bad faith claims handling pursuant to Florida Statute § 624.155(1)(b) against Defendant.

30. All necessary persons having interest in this issue are parties to this action.

31. A declaratory judgment would further the interests of judicial economy because a good deal of discovery has been or will be done on the issues of liability and damages in the UM case and those efforts may be wasted unless a final, appealable judgment is entered conclusively determining liability and the total amount of damages suffered by Plaintiff as a result of the Crash.

32. The relief sought herein is not merely the giving of legal advice by the Court nor a question propounded from curiosity.

**WHEREFORE**, Plaintiff, KAREN LENORE SABOL, requests that this Honorable Court accept jurisdiction and enter a declaratory judgment finding and determining liability and the total amount of damages suffered by Plaintiff as a result of the Crash, including pre and post-judgment interest, attorneys' fees pursuant to Florida Statute §624.155 and 627.727(10), costs, and any other relief this Court deems proper and just. Plaintiff further demands a trial by jury.

## COUNT III
### STATUTORY BAD FAITH PURSUANT TO FLA. STAT. § 624.155

33. Plaintiff realleges and incorporates by reference paragraphs One (1) through Twenty (20) above and further states:

34. On June 7, 2016, Plaintiff filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance and served a copy of the CRN upon Defendant. A copy of the CRN is attached hereto as Exhibit "B".

35. At all times material hereto, the Defendant had a duty, pursuant to Florida Statute §624.155, to exercise good faith in the provision of coverage, investigation, negotiation, and settlement of the claims by Plaintiff under The Policy and to refrain from engaging in unfair claim settlement practices.

36. Defendant breached its duties to Plaintiff, in violation of Florida Statute §624.155, by one or more of, but not limited to, the following ways:

    a. failing to attempt, in good faith, to settle Plaintiff's uninsured motorist claim when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff's interests, who was an insured, in violation of Florida Statute §624.155(1)(b)(1;

    b. failing to properly train adjusters and claims personnel;

    c. placing its own financial interests before that of Plaintiff;

    d. engaging in unfair claims settlement practices in violation of Florida Statute §626.9541(1)(i)3.a, c, d, e, g and h. Specifically, Defendant:

        i. failed to adopt and implement standards for the proper investigation of claims, including coverage;

        ii. failed to acknowledge and act promptly upon communications with respect to Plaintiff's uninsured motorist claim, including its failure to properly respond to Plaintiff's multiple written requests for coverage information and demands for payment of all uninsured motorist benefits under the Policy;

        iii. denied Plaintiff's uninsured motorist claim without conducting a reasonable investigation based on the available information, even disregarding Plaintiff's repeated offers to assist Defendant in its investigation;

   iv.  failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for its lack of any offer of settlement and eventual decision to deny coverage; and

   v.  failed to promptly notify Plaintiff of any additional information necessary for the processing of the uninsured motorist claim and to clearly explain the nature of the requested information and the reasons why such information is necessary.

37. The acts complained of herein constituted Defendant's general business practices in that they (a) were expressions of, and in compliance with, standard company practices and procedures, (b) are said by Defendant to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

38. Defendant failed to cure its bad faith and more than sixty (60) days has passed since the filing and service date of the CRN.

39. As a direct and proximate result of Defendant's actions and/or inactions as set forth above, Plaintiff has been damaged.

40. Defendant's violation of Florida Statute §624.155 has caused damages to Plaintiff of interest on unpaid benefits, pre-judgment interest accrued since the date of Defendant's violation; attorney's fees incurred by Plaintiff in the prosecution of his claim for uninsured motorist benefits and pre-judgment interest thereon; costs incurred in the prosecution of Plaintiff's claim for uninsured motorist benefits, including expert witness fees; costs incurred in the prosecution of Plaintiff's claim for violation of Florida Statute §624.155; post-judgment interest.

41. As a further direct and proximate result of Defendant's failure to act in good faith and statutory violations alleged above, Plaintiff had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorney's fees to bring this action and recover the

7

excess damages owed by Defendant. By operation of law, including Florida Statute §627.428, Defendant will be obligated to pay those fees upon the successful conclusion of Plaintiff's claim.

42. As a result of Defendant's failure to act in good faith and statutory violations alleged above, Plaintiff is entitled to recover the total amount of her damages pursuant to Florida Statute §627.727(10), including all damages suffered as a result of the Crash, Defendant's failure to act in good faith and the statutory violations alleged above.

**WHEREFORE**, the Plaintiff, KAREN LENORE SABOL, demands judgment against Defendant for the total damages suffered by Plaintiff, pre and post-judgment interest, attorneys' fees pursuant to Florida Statute §§ 624.155, 627.727(10), and 627.428, costs, and any other relief this Court deems proper and just. Plaintiff further demands a trial by jury.

/s/ Travis J. McMillen

Travis J. McMillen, Esquire
Florida Bar Number 0185655
BOGIN, MUNNS & MUNNS, P.A.
2601 Technology Drive
Orlando, Florida 32804
Tel: 407-578-9696
Fax: 407-578-9606
Primary: tmcmillen@boginmunns.com
Secondary: ggrey@boginmunns.com
bmmservice@boginmunns.com
Attorneys for Plaintiff

8