**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

KAREN LENORE SABOL,

    Plaintiff,

v.                                                             Case No: 5:16-cv-679-Oc-30PRL

USAA CASUALITY INSURANCE
COMPANY,

    Defendant.

---

## ORDER

Karen Sabol sued her UM insurer, USAA Casualty Insurance Company ("USAA CIC"), for benefits after an accident with an uninsured/underinsured motorist. The Complaint (Doc. 2) also seeks a declaration regarding USAA CIC's liability and total amount of Sabol's damages, and seeks to hold USAA CIC liable for bad faith claim handling. USAA CIC moves (Doc. 4) to dismiss the declaratory judgment and bad faith actions, as well as strike the portions of the Complaint that request prejudgment interest and attorneys' fees. The Court concludes the declaratory judgment count should be dismissed, and the bad faith count should be abated. The Court also concludes portions of the Complaint seeking prejudgment interest should be stricken, but the portions requesting attorneys' fees should not. As such, the motion is due to be granted in part.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss,

courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## **DISCUSSION**

USAA CIC's motion raises four issues, each of which will be discussed separately. They are: (1) whether the bad faith count should be dismissed or abated because it is premature; (2) whether the count seeking a declaratory judgment states a cause of action; (3) whether Sabol's request for prejudgment interest is appropriate; and (4) whether Sabol's request for attorneys' fees is sufficiently pled.

## A. Bad Faith Count Should Be Abated

The parties agree that the statutory bad faith claim is not ripe since Sabol's UM claim has not been resolved in her favor and because the amount of her damages, if any, have not been determined. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). The parties also agree that this Court has discretion to either abate the bad faith action or dismiss it without prejudice. The parties disagree, though, as to whether abatement or dismissal is more appropriate.

The Court, consistent with its past rulings on this issue, considers abatement of the bad faith claim to be the appropriate remedy. *See e.g.*, *Dela Cruz v. Progressive Select Ins. Co.*, No. 8:14-CV-2717-T-30TGW, 2014 WL 6705414 (M.D. Fla. Nov. 26, 2014) (citing *Allstate Indemnity Co. v. Ruiz*, 899 So.2d 1121, 1130 (Fla. 2005); and *Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267, 1271 (M.D. Fla. 2014)); *see also McCourt v. Liberty Mut. Ins. Co.*, No. 8:14-CV-2675-T-30AEP, 2014 WL 6607014, at *1 (M.D. Fla. Nov. 19, 2014) (same).

## B. Declaratory Judgment Count Fails to State Cause of Action

USAA CIC argues the action for declaratory judgment should be dismissed because there is no present case or controversy. The Court agrees and is again guided by its past rulings. In *Dela Cruz*, 2014 WL 6705414, at *2, this Court explained:

> In [*Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267 (M.D. Fla. 2014)], the court examined an almost identical complaint which sought first party insurance benefits, relief based on the insurer's bad faith, and declaratory relief. The court concluded that the controversy was "insufficiently definite and concrete to satisfy the requirements of the Constitution[,]" and the subject matter was improper for declaratory relief.

> Plaintiff, relying on [*Leuty v. State Farm Mut. Ins. Co.,* 8:13–cv–3038–T–35MAP (M.D. Fla. June 16, 2014)], argues that his claim for declaratory relief as to apportionment of liability and damages is sufficiently concrete because it is an element of his bad faith claim. Further, the Court's declaration at this juncture as to the total damages would result in judicial efficiency.
>
> The Court agrees with the reasoning in *Gianissi* and will dismiss Count III. Plaintiff concedes that his claim for bad faith is premature, and the Court has, at Plaintiff's request, abated the claim. There is no actual controversy prior to the determination of the damages suffered in the underlying contract claim. Further, a declaration that quantifies an amount of damages for a future bad faith claim does not resolve the entire controversy because Plaintiff will still have to prove the insurer's bad faith. Therefore, declaratory relief is an improper remedy at this time.

(internal citations omitted). Because Sabol raises the same arguments this Court rejected in *Dela Cruz* and that were rejected in *Gianissi*, the Court concludes the declaratory judgment action should be dismissed for the same reasons.

**C. Sabol Is Not Entitled to Prejudgment Interest for UM Claim**

USAA CIC argues Sabol is not entitled to prejudgment interest on the UM claim.[1] The Court agrees. A plaintiff cannot collect prejudgment interest in a UM case. *Columbia Cas. Co. v. S. Flapjacks, Inc.*, 868 F.2d 1217, 1222 (11th Cir. 1989) ("Florida courts have consistently refused to award prejudgment interest in uninsured motorists' cases."); *see also Baham v. Prop. & Cas. Ins. Co. of Hartford*, No. 8:14-CV-2772-T-36MAP, 2015 WL 1471275, at *4 (M.D. Fla. Mar. 31, 2015) (citing *Aetna Cas. & Sur. Co. v. Langel*, 587 So.2d 1370 (Fla. 4th DCA 1991); *Cooper v. Aetna Cas. & Sur. Co.*, 485 So.2d 1367 (Fla. 2d DCA 1986)). So the prayer for prejudgment interest will be stricken from Count I.

---

[1] Sabol did not address this issue in her response. (Doc. 13).

### D. Sabol Sufficiently Pled Demand for Attorneys' Fees

Lastly, USAA CIC argues Sabol's demand for attorneys' fees should be stricken as improperly pled. The reason, USAA CIC explains, is that Florida law requires a plaintiff seeking attorneys' fees in a UM case pursuant to section 627.428, Florida Statutes, to specifically plead that "there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for an accident."[2] (Doc. 4, p. 16). Such an allegation, according to USAA CIC, would address the section 627.727(8), Florida Statutes, limitation of section 627.428.

The Court disagrees. Federal procedural law governs the pleading requirements of claims for attorneys' fees. *Hilson v. GEICO Gen. Ins. Co.*, No. 8:11-CV-13-MSS-MAP, 2016 WL 3211474, at *2 (M.D. Fla. Mar. 31, 2016). Under the procedural law of the Eleventh Circuit, a party—even one in a diversity case such as this—need not plead an entitlement to attorneys' fees in order to recover them. *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir. 2000); *see also Inland Dredging Co. v. Panama City Port Auth.*, 406 F. Supp. 2d 1277, 1280 (N.D. Fla. 2005). It stands to reason, therefore, that Sabol would be entitled to recover attorneys' fees pursuant to section 627.428 so long as the requirements of that section and section 627.727(8) are met—regardless of whether Sabol pled a UM coverage dispute in the Complaint.

Though the Court concludes Sabol properly pled a demand for attorneys' fees, this ruling does not address the separate issue of whether Sabol is entitled to attorneys' fees.

---

[2] Sabol also did not address this issue in her response. (Doc. 13).

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant USAA Casualty Insurance Company's Motion to Dismiss and Motion to Strike Plaintiff's Complaint (Doc. 4) is GRANTED in part.

2. Count II of the Complaint (Doc. 2) seeking a declaratory judgment is DISMISSED.

3. Count III of the Complaint (Doc. 2) for statutory bad faith is ABATED until further order of this Court.

4. The Complaint's (Doc. 2) demand for prejudgment interest is stricken from Count I.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of January, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record